51 F.3d 273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny Ralph DYER, Defendant-Appellant.
 Nos. 93-6568, 93-6623.
 United States Court of Appeals, Sixth Circuit.
 Aug. 25, 1994.
 
 Before: MARTIN, NELSON and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Johnny Ralph Dyer appeals his judgment of conviction entered on his plea of guilty to one count of aiding and abetting the illegal possession of a firearm by a convicted felon who has three prior convictions for violent felonies in violation of 18 U.S.C. Secs. 922(g)(1), 924(a)(2), 924(e) and 2. The district court sentenced Dyer to 180 months of imprisonment, four years of supervised release, and imposed a $50 special assessment. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In these timely appeals, Dyer's counsel has filed a motion to withdraw his representation and a brief in compliance with Anders v. California, 386 U.S. 738 (1967). Dyer has filed a brief in response to his counsel's motion to withdraw.
 
 
 3
 Upon review, we conclude that the district court properly sentenced Dyer pursuant to the provisions of the Armed Career Criminal Act, as the record reflects that Dyer has been convicted of at least three prior violent felonies. See Custis v. United States, 114 S.Ct. 1732, 1735-39 (1994). Further, the district court substantially complied with the requirements of Fed.R.Crim.P. 11 in accepting Dyer's guilty plea. We also conclude that Dyer received the presentence investigation report at least ten days before sentence was imposed as required by Fed.R.Crim.P. 32(c)(3)(A), that the district court properly determined that Dyer did not wish to make a statement before sentence was imposed in conformity with Fed.R.Crim.P. 32(a)(1)(C), and that the district court properly informed Dyer of his right to appeal his sentence in conformity with Fed.R.Crim.P. 32(a)(2). We have further examined the record in this case, including the transcripts of Dyer's plea and sentencing and conclude that no reversible error is apparent from the record.
 
 
 4
 Accordingly, we deny Dyer's request for transcripts, grant counsel's motion to withdraw, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.